STATE

v.

**Albert A. CONTI.**

**No. 95–522–M.P.**

Supreme Court of Rhode Island.

March 20, 1996.

Andrea Mendes, Special Asst. Atty. General and Aaron Weisman, Asst. Atty. General for Plaintiff.

Lauren Jones, Providence and David Fox, Middletown, for Defendant.

## OPINION

PER CURIAM.

This matter came before this court on March 5, 1996, pursuant to an order directing the parties to appear and show cause why the issues raised in the petition for certiorari should not be summarily decided. The defendant, Albert A. Conti (Conti), seeks review of the District Court's finding that Conti violated the conditions of his probation by not adhering to the terms of a no-contact order.

On March 20, 1995, Conti was charged with stalking Lisa McWilliams (McWilliams). Conti subsequently pleaded nolo contendre to a charge of disorderly conduct. Conti was placed on probation for one year and was required to undergo mental-health counseling. Along with the probation order, the District Court judge issued a no-contact order which stated that Conti was enjoined and restrained from any contact with McWilliams. The no-contact order also provided that Conti "shall not harass, interfere with, molest, or threaten the victim in any manner."

On May 30, 1995, McWilliams complained to the Portsmouth police that Conti had violated the no-contact order on three separate occasions. Specifically, on May 23, 1995, Conti opened the door of the post office as McWilliams entered, saying, "Hi Lis," to which she "choked out a 'hi.'" The next day, May 24, 1995, McWilliams was driving when she noticed Conti's car approaching from the opposite direction. As the cars passed each other, McWilliams saw Conti wave at her. Six days later, on May 30, 1995, McWilliams entered the Portsmouth post office and observed Conti talking to a postal employee. Conti then stepped toward McWilliams, and said "Good Morning. How are you?"

On the basis of McWilliams's allegations, a criminal complaint was issued, charging Conti with three counts of violating G.L.1956 §§ 12–29–4 and 12–29–5. A probation-violation proceeding was thereafter commenced in the District Court on June 13, 1995. As a result of the hearing, the trial judge found that Conti had violated the terms of his probation and imposed on Conti a fine of $250 and a one-year probation. Another no-contact order was issued by the trial judge.

Conti thereafter filed a petition for writ of certiorari, which was granted by this court on December 21, 1995. Conti seeks review by this court of the District Court's decision. We note that transcripts of the District Court's hearing and a copy of its decision have not been provided to this court. Our review of the issue on certiorari is therefore limited to the record before us.

The threshold issue before this court is whether the incidents described by McWilliams are sufficient, as a matter of law, to constitute a violation of the no-contact order. After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that Conti's actions at issue do not rise to the level that is required to support a finding that Conti violated the no-contact order.

We are not persuaded by the cases cited in the state's brief in support of its position that Conti's actions constitute a violation of the no-contact order. The facts of those cases are distinguishable from the facts of the present case. In each of the cases cited by the state, there was evidence to show that the contact with the victim was more than mere coincidence. *See State v. Russell,* 122 Idaho 488, 491, 835 P.2d 1299, 1302 (1992) (the order prohibited defendant from contacting his wife; defendant violated that order by requesting his stepfather to telephone his wife and to ask her to speak with defen-

dant); *Commonwealth v. Tate*, 34 Mass.App. 446, 449–50, 612 N.E.2d 686, 688–89 (1993) (the defendant said "hello" to the victim and walked away but returned and asked to speak to her; the defense counsel conceded that such an encounter was a violation of the no-contact condition of this probation); *State v. Smith*, 909 S.W.2d 471, 473 (Tenn.Ct.App. 1995) ("evidence supports the conclusion that the defendant made telephone contact with the victim" that was a violation of the no-contact order that specifically enjoined defendant from contacting the victim by telephone); *Krow v. State*, 840 P.2d 261, 264 (Wyo.1992) ("evidence was * * * presented which would support a finding that the encounters were the result of appellant's strong sexual attraction to the victim" and more specifically, defendant's probation officer testified that the defendant "had disclosed during a * * * group therapy session that he had 'followed' the victim").

In the present case there is no indication in the record to show that each incident complained of was more than coincidence. In each of the encounters at the post office, Conti was in the building prior to McWilliams's arrival. In the first incident Conti and McWilliams coincidentally came together at the doorway. In the second incident Conti claims that he was never closer than 6–8 feet from McWilliams. In each of those instances, Conti's only conduct was to acknowledge McWilliams with a simple greeting. In the third incident McWilliams merely saw Conti waving at her while she was driving on the road. In these specific circumstances we are not persuaded that the defendant's conduct is sufficient to support a finding that he violated the no-contact order.

For the reasons stated herein, the petition for certiorari is granted, the order of the trial judge is quashed, and the case is remanded to the District Court with our decision endorsed thereon.