**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

———————

No. 02-2329

BRIAN S. KAUCH,

Plaintiff, Appellant,

v.

CITY OF CRANSTON, ET AL.,

Defendants, Appellees.

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ronald R. Lagueux, U.S. District Judge]

———————

Before

Lynch, Circuit Judge,

Cyr and Stahl, Senior Circuit Judges.

———————

Joseph R. Palumbo, Jr., on brief for appellant.
William T. Murphy, with whom William T. Murphy Law Offices, Inc. was on brief for appellees City of Cranston, Cranston Finance Director, and Officer Matthew Kite.
Marc DeSisto, with whom DeSisto Law was on brief for appellees Town of Glocester, David Piccirillo, and Joseph Mattera.

———————

March 24, 2003

———————

**Per Curiam**.   Brian S. Kauch challenges a district court judgment which dismissed his false-arrest claims against three police officers.  See 42 U.S.C. § 1983.  We affirm.

Pursuant to an extant restraining order entered by the Family Court, Kauch was entitled to visit with his children each Wednesday from 4:00 to 8:00 p.m., every other weekend, and on additional occasions mutually agreeable to Kauch and his ex-wife, Joan Berrigan.  On June 14, 2000 — a Wednesday — the Family Court entered an order restraining Kauch from further contact with Berrigan, while preserving his extant child-visitation rights. Shortly after Kauch telephoned Berrigan at her residence that same evening, he was arrested for violating the no-contact order.

On appeal, Kauch contests the qualified-immunity defenses asserted by the three arresting officers pursuant to section 1983. First, he maintains that the defendant officers unreasonably understood that any contact he had with Berrigan, no matter how innocuous, would violate the restraining order.  See State v. Conti, 672 A.2d 885, 886-87 (R.I. 1996) (noting that mere coincidental contacts are not violative of no-contact order). Thus, in effect Kauch would have police officers determine the nuances of criminal complaints prior to making an arrest.

On the contrary, the "[p]olice are afforded immunity [from § 1983 actions for damages] 'so long as the presence of probable cause [to arrest] is <u>at least arguable</u>.'"  <u>Fletcher</u> v.

Town of Clinton, 196 F.3d 41, 53 (1st Cir. 1999) (emphasis added; citation omitted). The defendants were aware both that the restraining order explicitly prohibited Kauch from contacting Berrigan at home, and that Berrigan had filed a complaint asserting that Kauch had contacted her at home. Further, even assuming that the defendant policemen had been aware of it, the Conti case is at least arguably distinguishable, in that it involved chance public encounters, rather than a targeted telephone communication to the private residence of the protected party.

Second, Kauch contends that had the restraining order been reviewed with care by the defendants beforehand, they would have discovered that it excepted contacts necessary to arrange for the authorized child visitations. Be that as it may, once the police possess an evidentiary foundation sufficient to establish probable cause to arrest, they are not required to investigate further in order to rule out all conceivable alternative explanations. See United States v. Bonilla Romero, 836 F.2d 39, 46 (1st Cir. 1987); see also Kelley v. Myler, 149 F.3d 641, 646-47 (7th Cir. 1998).

Finally, the instant restraining order arguably contains no such exception, in that it simply permitted "visitation as [previously] ordered." Thus, it would be entirely reasonable to infer that Kauch was still entitled to the regularly-scheduled visitations with his children — on Wednesdays and alternate

-3-

weekends — which visitations would not require contact between him and Berrigan, and that he simply was no longer entitled to contact Berrigan to arrange for any visitations <u>other</u> <u>than</u> <u>the</u> <u>regularly-scheduled</u> <u>ones</u>.

Accordingly, the district court judgment must be affirmed. <u>See</u> 1st Cir. Loc. R. 27(c).