**John E. ROBIDEAU et al.**

v.

**Marie COSENTINO, a/k/a Renee M. Cosentino et al.**

**No. 2011–9–APPEAL.**

Supreme Court of Rhode Island.

June 1, 2012.

■

J. Ronald Fishbein, Pro Se.

Melina J. Trudeau.

**ORDER**

Attorney J. Ronald Fishbein[1] appeals from two Superior Court orders granting a motion for sanctions against him pursuant to Rule 11 of the Superior Court Rules of Civil Procedure and ordering him to pay $13,620 to the defendants' attorneys. The hearing justice imposed the monetary sanction after finding that Attorney Fishbein had filed a complaint on behalf of Ernest R. Robideau, Dolores K. Robideau, and John E. Robideau (plaintiffs), accusing Attorney Robert J. Cosentino and his wife, Renee Marie Cosentino (defendants), of improper conduct, including conduct of a criminal nature, "for improper purposes" and with "deliberate disregard of the existing law[,] * * * without a good faith basis." This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After considering the parties' written and oral submissions and after reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth herein, we affirm the orders of the Superior Court.

The complaint was predicated upon the following underlying factual scenario. Ernest R. Robideau and Dolores K. Robideau, an elderly couple, were struggling to pay their mortgage, real estate taxes, and credit card debt. In February 2004, in an apparent effort to avoid creditors, they transferred the title of their home to their son John E. Robideau. That same year, Ernest and Dolores[2] decided to file for

---

1. Attorney Fishbein currently is suspended from the practice of law pursuant to this

Court's order in *In the Matter of Fishbein,* 8 A.3d 1038 (R.I.2010) (mem.).

2. We refer to Ernest, Dolores, and John Robideau by their first names for the sake of clarity only; we intend no disrespect.

bankruptcy. In January 2005, the elder Robideaus sought assistance from the Law Offices of Robert J. Cosentino in filing their bankruptcy petition. Attorney Cosentino filed the Robideaus' petition, but such petition did not list the transfer of the Robideaus' home to their son. Thereafter, during the bankruptcy proceedings, the Robideaus, while under oath, misrepresented the date of such transfer. After the relevant documentation revealed this misrepresentation, the bankruptcy trustee initiated a fraudulent-transfer claim against Ernest, Dolores, and John. Ultimately, John paid the trustee approximately $30,000 to settle the claim. Nevertheless, John was able to keep the remaining equity in the home, and the elder Robideaus attained their goal of becoming debt free following the bankruptcy proceedings.

Angry over the manner in which the bankruptcy proceedings had been handled, John retained Attorney Fishbein to file a malpractice claim against Attorney Cosentino. The complaint listed John and his parents as plaintiffs and Attorney Cosentino and his wife as defendants and alleged the following: negligence (count 1); obtaining property by false pretenses, pursuant to G.L.1956 § 11–41–4 (count 2); violation of the Racketeer Influenced and Corrupt Organizations Act, G.L.1956 § 7–15–1 (count 3); negligent infliction of emotional distress (count 4); intentional infliction of emotional distress (count 5); and the unauthorized practice of law by Renee Marie Cosentino (count 6). Along with the complaint, Fishbein propounded 130 requests for admissions pursuant to Rule 36 of the Superior Court Rules of Civil Procedure and forty-two paragraphs of requests for production of documents pursuant to Rule 34 of the Superior Court Rules of Civil Procedure.

Thereafter, defendants filed a motion to dismiss counts 2 through 6 of the complaint as to all plaintiffs, and count 1 as it purported to allege a claim on behalf of John.[3] On August 8, 2006, plaintiffs moved to amend their complaint, seeking to replead the same six substantive counts, but supplement them with additional factual allegations. On October 13, 2006, the court granted defendants' motion to dismiss counts 1 through 6 concerning John and counts 2 through 6 concerning Ernest and Dolores, and it denied plaintiffs' motion to amend their complaint.

On January 18, 2008, defendants filed a motion for sanctions against Attorney Fishbein, contending that the complaint alleged counts Fishbein knew "were simply vilification of a member of the bar and his staff" and that the discovery "was intended to harass, cause unnecessary delay and needlessly increase[ ] the cost of litigation." Hearings on the motion for sanctions were held on May 9 and 14, 2008 and June 5 and 6, 2008. During those hearings, Fishbein made many damning admissions.

Fishbein testified that he did not perform any research specific to this case with respect to counts 2 through 6 prior to filing his complaint. In fact, Fishbein indicated that he had never, either in relation to this case or in previous cases, read the relevant statute concerning the unauthorized practice of law, which constituted count 6 of his complaint. Further, Fishbein conceded that, despite learning that some of the claims in his complaint were without basis, he did not withdraw them— to the contrary, Fishbein acknowledged, he repeated such claims in his motion to

---

**3.** It should be noted that, while a copy of this motion to dismiss and the memorandum in support thereof are contained in the record, such documents do not bear the official filing stamp of the Superior Court and are not notated in the Superior Court docket sheet.

amend the complaint. Attorney Fishbein admitted that he had an established pattern of filing complaints and discovery requests in the same manner as he did in this case and, further, he insisted that he would file similar pleadings and discovery requests in the future under the same factual scenario with which he had been presented in this case.

The hearing justice issued a bench decision on March 18, 2010, granting defendants' Rule 11 motion for sanctions because "the inescapable conclusion [was] that Mr. Fishbein failed to exercise reasonable diligence before filing both the original complaint and the amended complaint." She found that Fishbein's "failure to make the most basic of inquiries to determine whether the most serious of his legal claims were warranted by fact and law was egregious and in flagrant disregard of the requirements of Rule 11." Further, she determined that Fishbein's pleadings were "vexatious, menacing, and unnecessarily daunting and intimidating" and were interposed for improper purposes. Accordingly, the hearing justice ruled that defendants were entitled to an award of attorneys' fees that they had incurred in responding to the dismissed claims, as well as those fees incurred in bringing the Rule 11 violation motion. An order was entered on April 1, 2010, granting defendants' motion for sanctions and directing that an evidentiary hearing be held to determine the amount of attorneys' fees to be imposed.

An evidentiary hearing was held on September 22, 2010, before the hearing justice. The hearing consisted, in large part, of testimony from an attorney employed by defendants' attorneys' law firm. She was questioned, both on direct examination and cross-examination, concerning a bill for legal fees, which was issued by her law firm and introduced into evidence. At the close of the hearing, defendants asked the court to sanction Fishbein in the amount represented in the bill—*viz.*, $13,857, less $35.[4] In response, Fishbein declined to make an argument before the court, instead requesting leave to "submit a post-hearing memorandum in lieu of argument." The hearing justice denied this request after learning, from defendants' counsel and from Fishbein himself, that Fishbein had been aware of the bill for "about two years." An order was entered on September 30, 2010, granting defendants' motion for sanctions and ordering Fishbein to pay $13,620 to defendants' counsel. On October 20, 2010, Fishbein filed a notice of appeal from both the April 1, 2010 order granting defendants' motion for sanctions and the September 30, 2010 order imposing fees.

In his prebriefing statement to this Court, Fishbein raises two contentions of error concerning the hearing justice's assessment of monetary sanctions.[5] First, he asserts that the hearing justice erred in admitting into evidence defendants' attorneys' bill for legal fees, arguing that this

---

4. The defendants requested a reduction of $35 because the bill included an inadvertent duplicate service-of-process fee in that amount.

5. During oral argument on this matter, Fishbein, for the first time, articulated a substantive argument with respect to the hearing justice's imposition of sanctions against him. However, this Court "deem[s] as waived issues that the appellant fails to brief, despite being addressed at oral argument." *Rice v.*

*State*, 38 A.3d 9, 16 n. 10 (R.I.2012); *see also* Article I, Rule 16(a) of the Supreme Court Rules of Appellate Procedure (stating that "[e]rrors not claimed, questions not raised and points not made [in appellant's brief] ordinarily will be treated as waived and not be considered by the Court"). Accordingly, we address only the two issues raised by Fishbein in his prebriefing statement to this Court.

bill was inadmissible hearsay because it was "prepare[d] through the input of dat[a]" by individuals, not all of whom were available for cross-examination. Although Fishbein purports that, "[f]or a certainty, [his] objection was properly interposed and rejected," we are satisfied that such is not the case after our thorough review of the transcript of the evidentiary hearing.

This Court strictly adheres to the "raise-or-waive" rule. *State v. Figuereo*, 31 A.3d 1283, 1289 (R.I.2011). Under this rule, it is well settled that a litigant is precluded "from raising an issue on appeal that was not properly preserved at trial." *In re Jazlyn P.*, 31 A.3d 1273, 1280 (R.I.2011). An issue is preserved properly only if a litigant raises a "timely and appropriate" objection at trial. *Id.* (quoting *State v. Brown*, 9 A.3d 1240, 1245 (R.I.2010)). As such, the party's objection "must be *sufficiently focused* so as to call the [hearing] justice's attention to the basis for said objection * * *." *Id.* (quoting *State v. Diefenderfer*, 970 A.2d 12, 30 (R.I.2009)). Further, if "the introduction of evidence is objected to for a specific reason, other grounds for objection are waived and may not be raised for the first time on appeal." *Id.* at 1280–81 (quoting *State v. Ucero*, 450 A.2d 809, 815 (R.I.1982)). Our review of the transcript reveals that Fishbein did not object to the bill's admission into evidence at the time of its admission. In fact, Fishbein never levied any objection, on the basis of hearsay or otherwise, to the bill's admission. Accordingly, Fishbein is precluded from arguing on appeal, as any such argument has been waived, that admission of the bill into evidence was error.[6]

Second, Fishbein contends that the hearing justice erred in denying his request to write a post-hearing memorandum to refute the billable hours alleged by the defendants' attorneys. According to Fishbein, it was not "possible to formulate an articulate and persuasive argument without addressing the time slips in the leisure of [one's] office." By his own admission, however, Fishbein had possessed the bill for "about two years." During those two years, Fishbein had more than ample time to formulate an argument refuting the reasonableness of the time the defendants' attorneys purported to have spent defending the plaintiffs' allegations and preparing for the Rule 11 hearing. His unexplained failure to act with diligence to do so is not grounds to vacate the hearing justice's imposition of a monetary sanction.

For the reasons stated in this order, we affirm the orders of the Superior Court in all respects. The record shall be remanded to the Superior Court.

---

**6.** Similarly, to the extent that Fishbein argues that it was error for the bill to be admitted into evidence without the testifying attorney discussing "each an[d] every item" on the bill, such an argument is unavailing. Fishbein had the opportunity to, and quite extensively did, cross-examine the testifying attorney concerning specific billing entries; if he wished to have her discuss more entries than she did, he could have so inquired of her during cross-examination.