State                              :

        v.                         :

Bradley E. Bellem.                 :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State                          :

v.                           :

Bradley E. Bellem.              :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Chief Justice Suttell, for the Court.** The defendant, Bradley E. Bellem, appeals from a Superior Court judgment of conviction declaring him to be in violation of his probation and executing four years of his previously imposed suspended sentence. On appeal, the defendant argues that there was no reliable evidence for the hearing justice to find he violated the terms of his probation and that, therefore, the hearing justice acted arbitrarily and capriciously in finding a violation. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## I

## Facts and Procedural History

In 2005, defendant pled nolo contendere to two counts of felony domestic assault. For each count, defendant was sentenced to eight years at the Adult Correctional Institutions (ACI),

consisting of one year to serve and seven years suspended, with probation. The sentences were to run concurrently. In 2009, defendant pled nolo contendere to one count of violating a no-contact order. For that offense, defendant was sentenced to five years at the ACI, with one year to serve and four years suspended, with probation. Finally, and pertinent to the issues raised in this appeal, defendant was arrested for violating a no-contact order on November 7, 2010. The next day, the state filed a probation violation report pursuant to Rule 32(f) of the Superior Court Rules of Criminal Procedure[1] alleging that defendant had failed to comply with the terms of his probation by failing to keep the peace and be of good behavior.

On December 15, 2010, the Superior Court heard testimony from two witnesses—Jay Rainville, one of the responding officers from the Foster Police Department, and Colette Spicer, the complaining witness—about the events of November 7, 2010.

Ms. Spicer testified that she had been staying at the Highland Rod & Gun Club (gun club) in Foster on November 7, 2010, and had received multiple telephone calls from defendant that day. According to Spicer, there was an active no-contact order in place at that time, prohibiting defendant from contacting her.[2]  She testified that defendant expressed a desire to

---

[1] Rule 32(f) of the Superior Court Rules of Criminal Procedure provides as follows:
> "The court shall not revoke probation or revoke a suspension of sentence or impose a sentence previously deferred except after a hearing at which the defendant shall be afforded the opportunity to be present and apprised of the grounds on which such action is proposed. The defendant may be admitted to bail pending such hearing. Prior to the hearing the State shall furnish the defendant and the court with a written statement specifying the grounds upon which action is sought under this subdivision."

[2] Although Ms. Spicer did not refer to multiple no-contact orders, the state maintained at the hearing that two no-contact orders were active. The defendant notes in his written submission to this Court that the state did not present any record of the alleged no-contact orders, but rather requested that the hearing justice take judicial notice of two active no-contact orders, which she did with no objection from defendant. Although defendant asserts on appeal that the existence of a no-contact order is not the type of fact that is generally appropriate for judicial notice, he

come see her at the gun club, and that the gun club's vice president contacted Foster police on her behalf. Spicer also indicated that she could not remember several other details about the events that transpired that day.

Officer Rainville testified that on November 7 he responded to a call reporting a disturbance at the gun club and that, when he arrived at the scene, he found defendant sitting in a grey Jeep parked near the gun club's locked gate. According to Officer Rainville, defendant stepped out of the vehicle as he approached, and Officer Rainville observed that defendant was on the telephone. Officer Rainville asked defendant with whom he was speaking on the telephone, and defendant reported that "he was speaking to his friend Colette." The defendant ended the call upon Officer Rainville's request. Officer Rainville testified that he had been notified by dispatch that there were possible no-contact orders in place between defendant and Spicer. Officer Rainville further testified that while another officer attempted to verify with Spicer that defendant had, in fact, telephoned her, defendant called Spicer again, in Officer Rainville's presence, to request that she come unlock the gun club's gate. Upon verifying that defendant was on the phone with Spicer, the officers took defendant into custody.

At the conclusion of the violation hearing, the hearing justice found that defendant had violated two active no-contact orders, and thus had failed to keep the peace and be of good behavior, in violation of the terms of his probation.[3] The hearing justice executed four years of

_____

acknowledges, quite correctly, that by failing to object at the time to the hearing justice taking judicial notice of the no-contact orders, he has waived this argument on appeal under the well-recognized "raise-or-waive" rule. See State v. Brown, 9 A.3d 1240, 1245 (R.I. 2010) ("As this Court has made clear, the 'raise-or-waive' rule precludes a litigant from arguing an issue on appeal that has not been articulated at trial." citing State v. Bido, 941 A.2d 822, 828 (R.I. 2008)).

[3] The hearing justice made several specific findings on the record:

> "This [c]ourt is reasonably satisfied [the two] no-contact orders are valid. The [c]ourt is also reasonably satisfied that [defendant], in fact, violated the terms of those no-contact orders

defendant's previously imposed sentence, with the remaining thirty months of the 2005 sentence suspended. The defendant appeals the hearing justice's violation determination and imposition of sentence.[4]

## II

## Standard of Review

At a probation-violation hearing, the duty of the hearing justice is to determine "whether or not the defendant has breached a condition of his or her probation by failing to keep the peace or remain on good behavior." State v. Shepard, 33 A.3d 158, 163 (R.I. 2011) (quoting State v. English, 21 A.3d 403, 406 (R.I. 2011)). "The 'burden of proof at a probation-violation hearing is much lower than the standard of beyond a reasonable doubt' in a criminal trial." Id. (quoting English, 21 A.3d at 406-07). In making this determination, the hearing justice must assess the credibility of witnesses and weigh the evidence presented. Id. The hearing justice's credibility

---

by not having one, but at least two phone calls directed to Ms. Spicer, one of which was actually while the officer, Officer Rainville, was standing before him; the first of which the officer had to have [defendant] get off the phone so that he could have any kind of communication with him outside of that gun club.

"As [the state] indicated, no contact is no contact. It is wholly irrelevant to this [c]ourt that Ms. Spicer consented to having that contact. It's also interesting to note that she did not indicate that she wanted to have the contact, but, as [defendant] points out, that the evidence is simply bereft of that fact altogether. This [c]ourt is not going to infer that Ms. Spicer was seeking out that communication. Again, it's irrelevant because no contact is no contact, and that no-contact order requires [defendant] to refrain from contacting the victim, the individual who is protected by not one, but two valid no-contact orders.

"This [c]ourt is reasonably satisfied [defendant] did, in fact, violate the no-contact orders and in doing so he failed to keep the peace and be of good behavior which are terms of his previously-imposed sentences from this Superior Court."

[4] Although defendant filed his notice of appeal prematurely, before the final entry of judgment, this Court will treat the appeal as timely. See State v. Cipriano, 21 A.3d 408, 419 n.10 (R.I. 2011).

assessments are given "great deference," English, 21 A.3d at 407, "[a]nd this Court will not 'second-guess' supportable credibility assessments of a hearing justice in a probation-revocation hearing." State v. Jackson, 966 A.2d 1225, 1229 (R.I. 2009) (quoting State v. Johnson, 899 A.2d 478, 482 (R.I. 2006)). Thus, upon review, this Court will consider only "whether the hearing justice acted arbitrarily or capriciously in finding a violation." Shepard, 33 A.3d at 163 (quoting English, 21 A.3d at 407).

## III

## Discussion

On appeal, defendant argues that, given Ms. Spicer's limited recollection of the night in question and the lack of testimony that defendant's telephone calls were in any way harassing or upsetting, the hearing justice acted arbitrarily and capriciously in determining that defendant had breached the peace and failed to be of good behavior. In particular, defendant argues that the state adduced weak evidence concerning not only the existence of the no-contact order(s), but also defendant's violation thereof, because Spicer could not remember many of the day's details and did not testify that defendant's contact was intimidating. In sum, defendant asserts that, when considered in toto, "there was a complete lack of reliable evidence of conduct on the part of [defendant] that reasonably constituted evidence of not keeping the peace or being of good behavior * * *."

The state responds that the undisputed testimony taken at the hearing from Spicer and Officer Rainville demonstrates that defendant contacted Spicer in violation of the judicially noticed no-contact orders. Therefore, the state argues, the hearing justice did not act arbitrarily or capriciously in finding a violation of the terms of defendant's probation.

Ms. Spicer testified to the existence of at least one active no-contact order, and the hearing justice took judicial notice of two active no-contact orders, with no objection from the defendant. Based on the uncontroverted testimony of two witnesses that the defendant directed multiple phone calls to Spicer on that day, the hearing justice found that the defendant violated the terms of those no-contact orders. Having carefully reviewed the record, we are satisfied that, given the evidence presented, the hearing justice was well within her zone of discretion in concluding that the defendant failed to keep the peace and be of good behavior when he violated the no-contact orders by calling Spicer on November 7, 2010.[5]

**IV**

**Conclusion**

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The papers in this case may be returned to the Superior Court.

---

[5] Neither party cited to case law defining the range of conduct that amounts to violation of a no-contact order; but under Rhode Island law, it is fair to say that the requirement of no contact inuring in such an order is a strict one: "[t]he words 'any contact' in the [no-contact] order are as unequivocal as they are broad." State v. John, 881 A.2d 920, 925 (R.I. 2005). This Court has affirmed a hearing justice's determination that defendant violated the terms of his probation when he had more than "coincidental" contact with a party protected under a no-contact order. Compare State v. English, 21 A.3d 403, 405-06, 408 (R.I. 2011) (holding that the hearing justice did not act arbitrarily or capriciously in finding a probation violation where the defendant stopped outside the victim's house and engaged in a brief conversation with her contrary to the terms of a no-contact order, even though there was conflicting testimony as to who initiated the contact, as well as the contents of the exchange), with State v. Conti, 672 A.2d 885, 886-87 (R.I. 1996) (concluding that the defendant did not violate a no-contact order, and thus did not violate the terms of his probation, when he casually greeted the victim on three occasions in public areas, reasoning that the contact was merely coincidental).



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**


*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**        State v. Bradley E. Bellem.

**CASE NO:**        No. 2011-157-C.A.
(P2/08-2209A)
(P2/04-3014A)

**COURT:**        Supreme Court

**DATE OPINION FILED:**   December 3, 2012

**JUSTICES:**        Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**        Chief Justice Paul A. Suttell

**SOURCE OF APPEAL:**    Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Kristin E. Rodgers

**ATTORNEYS ON APPEAL:**

For State:  Virginia M. McGinn
Department of Attorney General

For Defendant:  Lara E. Montecalvo
Office of the Public Defender